IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLD REPUBLIC INSURANCE CO.
as subrogee of Phoenix Aviation Managers Inc.,

    Plaintiff,

    v.                                             Case No. 1:12-cv-01156-KG-GBW

ECLIPSE AVIATION CORPORATION,

    Defendant.

## MOTION TO STRIKE ANSWER

Old Republic Insurance Company ("Old Republic") respectfully moves the Court to strike Certain Underwriters of Lloyd's, London Subscribing to Policy Number B080111789A08's ("Underwriters") Answer to Old Republic's Complaint for Subrogation and Negligence ("Answer") on the grounds that the Answer violates Rule 12 of the Federal Rules of Civil Procedure. On September 24, 2013, this Court ordered Eclipse Aviation Corporation ("Eclipse") to answer the Complaint for Subrogation and Negligence filed by Old Republic. Despite the direction given by the Court, the Complaint was answered by Underwriters and not Eclipse. Though Underwriters insures Eclipse for the damages sought in Old Republic's Complaint, it is not a party to this lawsuit. As a non-party, Underwriters cannot file an answer unless it is on behalf of Eclipse, and Underwriters' Answer should be struck. Underwriters opposes this Motion.

## BACKGROUND

Old Republic filed its Complaint against Eclipse on July 23, 2012. Upon service of this Complaint, Eclipse removed the matter to federal court. (*See* 12-CV-01156 KG-GBW, Doc. 1.)

Further, Eclipse filed a motion to dismiss arguing that res judicata required the dismissal of the new complaint. (*See* 12-CV-01156 KG-GBW, Doc. 5.) The Motion to Dismiss was denied after the default judgment relied upon in Eclipse's Motion to Dismiss was set aside.

Recently, a status conference was heard on the removed matter and this Court ordered Eclipse's attorneys to answer this Complaint within thirty days. (*See* 12-CV-01156 KG-GBW, Doc. 20.)  On October 24, 2013, Underwriters filed an answer to the removed Complaint pursuant to the Court's order. (*See* Doc. 21.)  In this answer, Underwriters did not answer on behalf of Eclipse but instead answered for itself under a reservation of rights that it has no obligation or duty to defend or indemnify Eclipse because it has been prejudiced by a breach of its policy with Eclipse. (*Id.*)  Because Underwriters has answered the Complaint, Eclipse has not done so as ordered by this Court.

## **UNDERWRITERS' ANSWER SHOULD BE STRUCK**

Under Rule 12 of the Federal Rules of Civil procedure, *a defendant* must serve an answer to a Complaint.  *See* Fed. R. Civ. Proc. 12(a)(1).  When a complaint is answered by a non-party, the answer should be struck from the record.  *See Malloy v. Wallace*, No. 03-5153, 2004 U.S. App. LEXIS 10596, *3 (10th Cir. May 28, 2004). In *Malloy*, the Tenth Circuit, upheld a district court's decision to strike an answer because the answer was filed by a non-party.  The complaint named the trustee of an estate as a defendant.  *Id.*  After the complaint was served, an individual that claimed he never had any control over the trust answered the complaint.  The plaintiff moved to strike the answer because it was filed by a non-party. *Id.* The court determined the answer should be struck because it as not answered by the defendant.

In this instance, Underwriters has simultaneously attempted to disavow the representation previously provided Eclipse while attempting to answer the complaint as a non-party.  Because it

2

is clear that Underwriters is not a named party to this suit, Underwriters answer should be struck. Non-parties cannot answer complaints for a party that has been served, and this Court should require Eclipse to answer the Complaint for this matter or face default judgment.

## CONCLUSION

Underwriters is not a defendant in this matter and improperly answered the Complaint for Eclipse. Because Underwriters improperly filed this answer, it should be struck and Eclipse should be required to answer the complaint.

> RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
>
> By_____
> Jeffrey M. Croasdell
> Tyler M. Cuff
> Post Office Box 1888

We hereby certify that a copy of this pleading was served on the counsel of record via the Court's CM/ECF electronic filing system this 31st day of October 2013:

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

_____
Tyler M. Cuff