IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLD REPUBLIC INSURANCE COMPANY,
as subrogee of Phoenix Aviation Managers Inc.,

    Plaintiff,                                                 Civ. No. 12-1156 KG/GBW

vs.

ECLIPSE AVIATION CORPORATION,

    Defendant.

MEMORANDUM OPINION AND ORDER

On October 30, 2013, Defendant Eclipse Aviation Corporation's insurer, Certain Underwriters of Lloyd's, London Subscribing to Policy Number B080111789A08 (Underwriters), filed a Motion to Stay Proceedings. (Doc. 23). Plaintiff Old Republic Insurance Company, as subrogee of Phoenix Aviation Managers, Inc., (Old Republic)[1] filed an opposition to the Motion to Stay Proceedings, and Underwriters filed a reply. (Docs. 25 and 27). Having reviewed the Motion to Stay Proceedings and the accompanying briefs, the Court grants the Motion to Stay Proceedings for the following reasons.

A. Background

    1. *Procedural History*

---

[1] Old Republic is the parent company of Phoenix Aviation Managers, Inc., a defendant in two related federal lawsuits. *See Certain Underwriters of Lloyd's, London Subscribing to Policy Number B080111789A08 v. Old Republic Insurance Co. and Phoenix Aviation Managers, Inc.*, Civ. No. 11-432 KBM/ACT (First Federal Lawsuit), (Doc. 1) at ¶ 3; *Certain Underwriters of Lloyd's, London Subscribing to Policy Number B080111789A08 v. Old Republic Insurance Co. and Phoenix Aviation Managers, Inc.*, Civ. No. 13-701 KG/ACT (Fourth Federal Lawsuit). Unless otherwise noted, the Court will collectively refer to both Old Republic and Phoenix Aviation Managers, Inc. as Old Republic.

The insurance dispute at the center of this lawsuit has a long and convoluted history.  The incident leading to the dispute took place in July 2008 when hail damaged two airplanes insured by Old Republic and allegedly in the custody of Defendant Eclipse Aviation Corporation (Eclipse).  (Doc. 1-1) at ¶¶ 8-10, ¶¶ 13-15.  Old Republic paid over $420,000 to repair the airplanes.  *Id*. at ¶¶ 12 and 17.  In a matter of months, Eclipse filed for Chapter 11 bankruptcy on November 25, 2008.  (Doc. 23-1) at 1.

Underwriters subsequently retained the law firm of Rose Walker, L.L.P. (Rose Walker) to represent Eclipse regarding the damaged airplanes.  *Id*. at 2.  In March 2009, Rose Walker sent a letter to Phoenix Aviation Managers, Inc. requesting that it direct correspondence and communications regarding the damaged airplanes to Rose Walker.  *Id*.

In August 2009, the bankruptcy court ordered liquidation of Eclipse's assets, thereby terminating Eclipse's existence.  (Doc. 1-2).  Then, on September 19, 2009, the bankruptcy court granted Old Republic's motion to lift the automatic stay so that Old Republic could sue Eclipse for damage done to the airplanes.  (Doc. 23-1) at 2.  Old Republic, however, did not timely inform Rose Walker of its motion to lift the automatic stay or the fact that the bankruptcy court lifted the automatic stay.  *Id*.

On May 12, 2010, Old Republic filed a subrogation suit against Eclipse in state court.  *Id*.  Old Republic did not notify Rose Walker of the state lawsuit.  *Id*.  Old Republic served the complaint on the New Mexico Secretary of State, and not on Eclipse, because Eclipse was defunct.  *Id*.  Eclipse did not answer the complaint, so the state court entered a default judgment against Eclipse in January 2011.  *Id*.  In March 2011, Old Republic finally contacted Rose Walker in order to collect on the default judgment.  *Id*.  This was the first time Rose Walker or Underwriters had notice of the state lawsuit.  *Id*. at 2-3.  Shortly thereafter, Underwriters advised

Phoenix Aviation Managers, Inc. that if Old Republic set aside the default judgment, Underwriters would be willing to litigate the state lawsuit on the merits. *Id*. at 3.

Old Republic, however, declined to set aside the default judgment. *Id*. As a consequence, Underwriters filed the First Federal Lawsuit in May 2011 against Old Republic and Phoenix Aviation Managers, Inc. seeking (1) a declaratory judgment that Old Republic and Phoenix Aviation Managers, Inc. could not enforce the default judgment against Underwriters, and (2) sanctions. The Honorable Chief United States Magistrate Judge Karen B. Molzen presided over that lawsuit. While the First Federal Lawsuit was pending, Old Republic obtained a writ of garnishment from the state court in January 2012 and served it upon Underwriters in March 2012. *Id*. at 5. On March 29, 2012, Underwriters removed the state garnishment proceedings to federal court, the Second Federal Lawsuit, where it was assigned to the Honorable United States District Court Judge Robert C. Brack.

On June 4, 2012, Judge Molzen granted Underwriters' motion for partial summary judgment and determined that:

> 1. The default judgment entered in favor of Defendants against Eclipse Aviation Corporation in New Mexico State District Court was entered without notice to [Underwriters] or opportunity for [Underwriters] to be heard;
> 2. By the terms of the insurance policy issued to Eclipse Aviation Corporation, [Underwriters] therefore owes no duty to Defendants to pay damages pursuant to the default judgment entered by the New Mexico State District Court.

(Doc. 23-1) at 14. As a result of this ruling, on July 17, 2012, Old Republic filed a motion to set aside the default judgment in state court. Civ. No. 13-701 KG/ACT, (Doc. 23-26) and (Doc. 27) at 4. Moreover, on July 23, 2012, Old Republic filed, in state court, this lawsuit against Eclipse for negligence and violations under the New Mexico Unfair Practices Act. (Doc. 1-1). On September 6, 2012, Judge Brack discharged and released Underwriters from the writ of garnishment. (Doc. 23-2) at 4. Then, on November 8, 2012, Underwriters removed this lawsuit

3

to federal court.[2]  (Doc. 1).  On February 22, 2013, the state court set aside the default judgment in the first state lawsuit.[3]  (Doc. 25) at 2.

On July 31, 2013, Underwriters filed a declaratory judgment action against Old Republic and Phoenix Aviation Managers, Inc. in federal court, the Fourth Federal Lawsuit, in which Underwriters seek a declaration that they do not have a duty to defend or indemnify Eclipse. There are two pending motions in the Fourth Federal Lawsuit:  Old Republic and Phoenix Aviation Managers, Inc.'s motion to dismiss and Underwriters' motion for summary judgment. *Id*., (Docs. 9 and 23).  As a result of the pending motions in the Fourth Federal Lawsuit, Underwriters' answer to the complaint in this lawsuit states that

> Underwriters are providing this answer subject to a reservation of its rights and argument that is has no obligation or duty to defend or indemnify Eclipse because it has been prejudiced by a breach of its policy with Eclipse regarding the timing and notice of this claim. … This Answer is provided to ensure that no further prejudice results until the coverage issue is resolved.

(Doc. 21) at 1-2.

   *2. The Motion to Stay Proceedings*

Underwriters now move to stay this lawsuit until the Court decides in the Fourth Federal Lawsuit whether Underwriters have any obligation to defend or indemnify Eclipse. Underwriters contend that if the Court in the Fourth Federal Lawsuit decides that Underwriters have no obligations to Eclipse under Underwriters' insurance policy, then Old Republic cannot recover against that insurance policy in this lawsuit.  In that situation, Old Republic would be suing an otherwise defunct Eclipse without the benefit of possible insurance proceeds.  Old

---

[2] The Court has already denied a motion to dismiss without prejudice in this case.  (Doc.15).  In addition, there is a pending Motion to Strike Answer.  (Doc. 24).

[3]  On June 26, 2013, Old Republic filed an amended complaint in that state lawsuit.  Civ. No. 13-701 KG/ACT, (Doc. 23-17) and (Doc. 27) at 5.

Republic argues that Underwriters had actual notice of Old Republic's claims for damages since March 2009 and had actual notice of this lawsuit. Old Republic, therefore, concludes that Underwriters have an obligation to defend Eclipse under the insurance policy. Old Republic further argues that there is no reason Underwriters cannot defend Eclipse in this lawsuit. Finally, Old Republic argues that staying this lawsuit would prejudice its ability to discover evidence in support of its claims.

B.  Discussion

Courts have discretion in granting or denying a motion to stay proceedings. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (abuse of discretion standard used to review decision whether to grant or deny motion to stay proceedings). In deciding whether to stay a lawsuit, courts

> should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake.

*United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (citing *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977)).

*1.  Whether Underwriters are Likely to Prevail in the Fourth Federal Lawsuit*

Underwriters argue that they are likely to prevail in the Fourth Federal Lawsuit under New Mexico's substantial prejudice doctrine. In New Mexico, an insurer can be relieved of its obligations under a policy if it can "'demonstrate substantial prejudice as a result of a material breach of the insurance policy….'" *State Farm Mut. Auto. Ins. Co. v. Fennema*, 2005-NMSC-010 ¶ 7, 137 N.M. 275 (quoting *Foundation Reserve Ins. Co. v. Esquibel*, 94 N.M. 132, 134, 607 P.2d 1150, 1152 (1980)). A presumption of substantial prejudice arises if the insurer can prove

5

that the insured breached a policy provision. *Id*. The insured can rebut that presumption "by presenting evidence that the insurer was not substantially prejudiced." *Id.* at ¶ 13.

Underwriters contend that Old Republic's conduct in the state court action breached the policy. Additionally, Underwriters contend that Eclipse, as a defunct business, breached the policy by not cooperating with or assisting Underwriters in defending against Old Republic's claims. The policy, in fact, requires that "[t]he Insured shall co-operate with the Insurers and, upon the Insurers' request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."[4] Civ. No. 13-701 KG/ACT, (Doc. 23-2) at 20. Accordingly, Underwriters assert that there is a presumption of substantial prejudice. Underwriters also maintain that since Eclipse breached the policy by not cooperating with Underwriters in defending against Old Republic's claims, there is actual, not just presumed, substantial prejudice to Underwriters' "'ability to investigate, settle or defend the claims at issue'…." *F.D.I.C. v. Oldenburg*, 34 F.3d 1529, 1547 (10th Cir. 1994) (citation omitted).

Old Republic argues that since Underwriters had actual notice of Old Republic's claims of this lawsuit, Underwriters now have a duty to defend Eclipse.[5] Old Republic cites to *Garcia v. Underwriters at Lloyd's London* to support that argument. 2007-NMCA-042, 141 N.M. 421, *aff'd*, 2008-NMSC-018, 143 N.M. 732. The New Mexico Court of Appeals held in *Garcia* that actual notice of an insurance claim creates a presumption that the insurer will provide the insured

---

[4] The policy also clearly states that "[n]o action shall lie against the Insurers unless as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy…." Civ. No. 13-701 KG/ACT, (Doc. 23-2) at 20.

[5] The policy requires that "[i]f a claims is made or suit is brought against the Insured the Insured shall as soon as practicable forward to the Insurers' authorised agents every demand, notice, summons or other process received by him or his representative." Civ. No. 13-701 KG/ACT, (Doc. 23-2) at 19.

a defense as required under the insurance policy. *Id*. at ¶ 25. However, if an insured "'is unresponsive or uncooperative, the insurer is relieved of its duty to defend.'" *Id*. at ¶ 31 (quoting *Cincinnati Companies v. West American Insurance Co.*, 701 N.E.2d 449, 504 (Ill. 1998)). Here, since Eclipse is defunct, it is obviously "unresponsive or uncooperative." In the situation at hand, *Garcia* actually supports Underwriters' contention that they do not have a duty to defend under the policy.

Old Republic also argues that Underwriters' actions in this case, such as removing the case to federal court, indicate that Underwriters are, in fact, providing Eclipse with a defense and that there "is no reason Underwriters cannot continue to represent Eclipse…." (Doc. 25) at 5. Moreover, Old Republic notes that "Rose Walker has not withdrawn its representation of Eclipse in this matter." *Id*. These arguments, however, do not address the real issue in the Fourth Federal Lawsuit which is whether Underwriters are obligated under the policy to provide Eclipse a defense. Old Republic also does not provide any legal basis for this Court to conclude that Underwriters' participation in this lawsuit on behalf of Eclipse somehow bars Underwriters from arguing that they have no duty to defend or indemnify Eclipse. In fact, Underwriters specifically indicate in the answer filed in this lawsuit that they "are providing this answer subject to a reservation of its rights and argument that it has no obligation or duty to defend or indemnify Eclipse because it has been prejudiced by a breach of its policy with Eclipse regarding the timing and notice of this claim." (Doc. 21) at 1. Additionally, Underwriters indicate that "[t]his Answer is provided to ensure that no further prejudice results until the coverage issue is resolved" in the Fourth Federal Lawsuit. *Id.* at 2.

In reviewing the parties' arguments on this first factor for determining a stay, the Court notes that Underwriters fail to explain how Old Republic's actions in state court breach a policy

to which it is not a party. Nevertheless, since Eclipse is defunct, it obviously cannot cooperate with Underwriters or assist Underwriters in defending this lawsuit. This inability to cooperate or assist constitutes a material breach of the policy. Consequently, there is at least a presumption of substantial prejudice, if not actual substantial prejudice, to Underwriters arising from that material breach of the policy. Old Republic, on the other hand, has failed to show that Underwriters have not been substantially prejudiced by Eclipse's breach of the policy. It is, therefore, very likely that Underwriters will prevail on the declaratory judgment lawsuit filed in the Fourth Federal Lawsuit. This first factor favors a stay of these proceedings pending resolution of the Fourth Federal Lawsuit.

*2. Whether, Absent a Stay, Eclipse or Underwriters Will Suffer Irreparable Harm*

Without a stay, the Court presumes that Underwriters will continue to defend Eclipse unless, and until, the Court in the Fourth Federal Lawsuit determines that Underwriters do not have a duty to defend or indemnify Eclipse. Under these circumstances, Eclipse would not be harmed absent a stay of this lawsuit. On the other hand, Underwriters could be irreparably harmed if they continue to expend resources to defend Eclipse only for the Court to subsequently determine that they had no duty to defend or indemnify Eclipse. This factor, therefore, favors a stay.

*3. Whether Issuance of a Stay Would Substantially Harm Old Republic*

Old Republic argues that a stay and delay in this case could potentially result in lost evidence. Old Republic notes that over the years neither Eclipse nor Underwriters have produced or disclosed any discovery. Underwriters contend, however, that since Eclipse has been defunct for years, to their knowledge, Eclipse has "no employees, no evidence, no property, and no documents" which could be subject to discovery. (Doc. 27) at 2. Moreover, the Court

observes that Old Republic must carry much of the blame for the delay in hearing its claims. Had Old Republic not purposefully sought and obtained the default judgment in state court, Old Republic's claims would have been resolved some time ago. Under these circumstances, the Court is hard-pressed to find that a stay would substantially harm Old Republic. This third factor, likewise, favors a stay.

   *4. The Public Interests at Stake*

   Old Republic does not offer any argument with respect to this last factor while Underwriters argue that "a stay favors the public interests because it will avoid extra expense and is in the interests of judicial economy…." (Doc. 23) at 5. Underwriters also assert that "if Underwriters have no duty [to Eclipse], all of the litigation is effectively at an end." *Id*. The Court agrees with Underwriters' assessment of the public interests at stake. Hence, this final factor favors a stay as well. Since all of the factors favor a stay, the Court finds more than sufficient good cause to grant the Motion to Stay Proceedings.

   IT IS ORDERED that

   1. the Motion to Stay Proceedings (Doc. 23) is granted; and

   2. this lawsuit is stayed pending resolution of the Fourth Federal Lawsuit, Civ. No. 13-701 KG/ACT.

_____
UNITED STATES DISTRICT JUDGE